STATE, EX REL. MRS. A. M. DAVIS, TRUSTEE, RELATOR, V. JOHN F. CORNELL, AUDITOR, RESPONDENT.

FILED NOVEMBER 8, 1900.   No. 11,641.

1. **Claims Against State:** LEGISLATIVE AUTHORITY:   REFUSAL OF AUDITOR.   The legislative authority to draw money from the state treasury for the satisfaction of a just claim against the state does not become extinguished by the wrongful refusal of auditing officers to exercise their functions within the proper time.

2. **Continuous Official Duty.**   When the law imposes a duty upon a public officer to do an official act at a particular time, the obligation is, ordinarily, a continuing one, and the courts will, when it is practicable, coerce performance after the appointed time has gone by.

ORIGINAL application for mandamus to require the respondent to issue a warrant to the relator for certain money allowed her as trustee of the Home for the Friendless. *Writ allowed.*

*J. H. Broady* and *H. A. Babcock*, for relator.

SULLIVAN, J.

The relator, Mrs. A. M. Davis, as trustee of the Society of the Home for the Friendless, exhibited to the auditor of public accounts a claim for $6,017.31 against the state and demanded that the same be examined and adjusted as required by law.   The auditor, after some delay, considered and allowed the claim; but the secretary of state, to whom it was presented on August 3, 1899, refused to approve it.   Afterwards, however, the district court of Lancaster county, by a peremptory mandamus, commanded him to approve it, and he did so.   The present action was then commenced to require respondent to issue a warrant upon the treasury in favor of the relator for the amount allowed.   The answer admits the recitals of the alternative writ, but calls attention to the fact that, while the claim was presented in due time to the auditor and secretary of state, it was not approved by the

latter officer until after the appropriations made by the legislature of 1897 were exhausted. The question thus raised, and it is the only one argued by counsel, is whether the appropriation of 1897 for the Home of the Friendless ceased, under the circumstances here disclosed, to be available at the end of the first fiscal quarter after the adjournment of the legislature of 1899. No adjudged case has been brought to our notice that seems to be at all in point. Authorities cited by the attorney general, *State v. Babcock*, 22 Nebr., 33, *People v. Needles*, 96 Ill., 575, *People v. Lippincott*, 64 Ill., 256, *People v. Swigert*, 107 Ill., 494, sustain the view that no lawful claim against an appropriation can come into existence after the end of the period for which the appropriation was made; but beyond this they do not go. Section 19, article 3, of the constitution requires that "Each legislature shall make appropriations for the expenses of the government until the expiration of the first fiscal quarter after the adjournment of the next regular session, and all appropriations shall end with such fiscal quarter." When a fund has been set apart in obedience to the provision quoted, it is, of course, the intention of the constitution that those who become entitled to any portion of it shall receive such portion, and that at the expiration of the designated period the appropriation shall cease to be effective as to the unexpended balance. Such balance, within the meaning of the constitution, is the portion of the fund remaining after all proper claims against it have been paid. The legislative authority to draw money from the treasury for the satisfaction of a just claim does not become extinguished by the wrongful refusal of auditing officers to exercise their functions within the proper time. A creditor of the state does not forfeit his right to money due him because the state's agents refuse to perform duties with which they are charged. The declaration in section 19 aforesaid, that "all appropriations shall end with such fiscal quarter," is made on the assumption that the authority given by appropriation bills will be ex-

ercised in favor of all persons having valid claims on the treasury; it does not intend that such authority shall cease when, by reason of official misconduct, it has not been exercised to the extent it should have been. The legality of the relator's claim has been judicially established, and it is the duty of the state to pay it—to do now what it should have done before. When the law imposes a duty upon a public officer to do an official act at a particular time the obligation is, ordinarily, a continuing one, and the courts will, when it is practicable, coerce performance after the appointed time has gone by. Whether the legislative authority to draw money from the treasury for the payment of governmental expenses lawfully incurred before the end of the period for which the appropriation was made becomes extinguished in any case before such expenses have been paid, or the right to demand payment barred by limitation under the provisions of section 6, article 3, chapter 83, Compiled Statutes, 1889, was not discussed by counsel and is, therefore, not decided. The peremptory writ should be, and it is, allowed.

WRIT ALLOWED.