OMAHA ARMORY BUILDING COMPANY, APPELLEE, V. LUCIUS B. JOHNSON, AUDITOR, ET AL., APPELLANTS.

FILED OCTOBER 11, 1929. No. 26872.

*C. A. Sorensen, Attorney General, George W. Ayres* and *John P. Breen,* for appellants.

*Hall, Cline & Williams, Brome, Thomas, Ramsey & McGuire* and *Richard F. Stout, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

DEAN, J.

This appeal is brought to this court in behalf of the state, by the secretary of state and state auditor, defendants herein, to obtain a reversal of a judgment for $750 rendered against the state in the district court for Lancaster county, in favor of the Omaha Armory Building Company as lessor, a nonprofit organization, hereinafter called the armory, for armory rent alleged to be due from the state and wholly unpaid. The secretary of state and the state auditor, hereinafter referred to as the defendants, disallowed the claim and refused to pay the rent, but, on appeal to the district court, the claim was held to be a lawful charge against the state and was allowed in full for armory rent incurred in 1927 for the months of May and June. And it is from the judgment so rendered that the defendants have appealed.

Following are substantially the material facts: February 1, 1925, the plaintiff armory company entered into a written lease with H. J. Paul, as the adjutant general of Nebraska, on behalf of the state, wherein and whereby the occupancy of an armory at Omaha was provided for the use of the units of the Nebraska national guard to the end that provision might be made for the care and protection of the United States property furnished to the state for national guard equipment. By the terms of the lease, the armory building company rented the premises to the state at a yearly rental

of $4,500, payable at the rate of $375 a month on the 15th day of each month. It was agreed that on February 15, 1925, payments were to begin. The monthly rentals were paid as they became due each month prior to May and June of 1927, and on June 8 and July 1, 1927, vouchers for the payment of rentals for May and June were filed by the armory.

Section 3305, Comp. St. 1922, provides that the adjutant general shall be head of the military department, but subordinate to the governor, and that he shall perform the duties of chief of the quartermaster corps, which includes taking care of all public property belonging to his department.

Section 3334, Comp. St. 1922, provides that all such public property, except that in use in the performance of military duty, shall be kept in armories or other properly designated places of deposit. And the following provision is made in section 3359, Comp. St. 1922:

"The adjutant general shall report to the legislature on or before the first day of each biennial session thereof the amount of funds required for the pay of officers and enlisted men, armory rent, and transportation, care of clothing, arms, equipments, and tentage; and for the purpose of rations, fuel, forage, and stationery; and the legislature may provide by an appropriation out of the state general fund a sufficient sum to meet the requirements of this chapter."

Under section 3358, Comp. St. 1922, the auditor is authorized and required on presentation of proper vouchers to draw his warrant on the general fund and against the appropriation made by the legislature for the support and maintenance of the national guard. In *State v. Cornell*, 60 Neb. 694, in an opinion by Sullivan, J., we held to the following proposition:

"When the law imposes a duty upon a public officer to do an official act at a particular time, the obligation is, ordinarily, a continuing one, and the courts will, when it is practicable, coerce performance after the appointed time has gone by." See, also, *State v. Burch,* 119 Wash. 1.

Defendants contend that the building in question was donated by the city of Omaha to the plaintiff for use by the state. But, as the trial court found, large sums of money were expended for repairing the building and altering it to make it suitable for armory purposes. This money was advanced by private citizens who were to be reimbursed from the accumulated rentals to be obtained through releasing the premises. In addition, the heating, lighting, and maintenance of the armory in proper condition for use by the armory company involved expenses which were burdens the plaintiff was compelled to bear and the only possible reimbursement was to be derived from the rental contract with the state.

The record discloses that the rental contract was entered into by the parties in the utmost good faith and with due regard to the interests of the state, and the reasonableness of the rental charges, in view of the accommodations furnished, has not been successfully challenged.

It is not questioned in this record that the building equipped and maintained by the plaintiff armory company, as pointed out, was actually occupied by the units of the Nebraska national guard of Omaha pursuant to orders from competent authority.

The trial court decreed that the defendants recognize the validity of the lease in suit and ordered that proper warrants be issued upon the state treasury for all further rentals to become due under the terms of the lease in suit. In view of the facts and the law, the judgment of the district court, in the absence of a bill of exceptions, is fully sustained by the pleadings, and is in all things

AFFIRMED.